IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03236-SBP

J. ALAN KONECNY, also known as Alan J. Konecny,

    Plaintiff,

v.

EXPERIAN,
EXPERIAN PLC,
EXPERIAN INFORMATION SOLUTIONS,
CONSUMERINFO.COM,
MIKE RODGERS,
BRIAN CASSIN,
DARRYL GIBSON,
TY TAYLOR, and
JENNIFER SCHULZ,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff J. Alan Konecny lives in Gunnison, Colorado. On December 6, 2023, Plaintiff, proceeding *pro se*, filed a document titled "Plaintiff's Original Complaint for Civil Penalty, Declaratory and Injunctive Relief, Other Appropriate Relief, and Original Petition for Enforcement and for Sanctions." (ECF No. 1). Accordingly, this civil action was opened.

    On December 8, 2023, the Court ordered Plaintiff to cure certain filing deficiencies. (ECF No. 3). Specifically, Plaintiff was directed to file a pleading on a

court-approved form. (*Id.* at 2-3); *see also* D.C.COLO.LCivR 5.1(c) (unrepresented parties must use the forms posted on the court's website). Plaintiff was also ordered to either pay the applicable filing fee or submit an *in forma pauperis* motion on the court-approved form. (*Id.*). The Court gave Plaintiff 30 days to comply and warned that failure to cure the defects would result in the dismissal of this action without further notice. (*Id.*).

After the Court issued the order to cure, Plaintiff submitted a number of motions. (ECF Nos. 4, 5, 6, 7). But as the Court explained in a December 14 minute order, "[t]o proceed with this action, Plaintiff must first cure the deficiencies as ordered by the Court[.]" (ECF No. 8). Plaintiff was informed that if he wished to receive email notifications, he may register for e-filing by following the steps posted on the court's website under the section "ProSe E-Filer Information." (*Id.*). And Plaintiff was again advised that failure to cure the defects within the time allowed would result in the dismissal of this action without further notice. (*Id.*).

Plaintiff then submitted three separate copies of the form Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form) (ECF Nos. 9, 10, 13), along with multiple other motions (ECF Nos. 10, 11, 12, 14). But as the Court explained in a January 22, 2024 minute order, "Plaintiff still ha[d] not cured the filing deficiencies as ordered by the Court" because he had "yet to submit a pleading on the required Complaint Form (General Complaint)[.]" (ECF No. 15). The Court informed Plaintiff that "[t]o proceed with this action, [he] must first cure this outstanding deficiency." (*Id.*). And

2

Plaintiff was again advised that failure to cure the defect within the time allowed would result in the dismissal of this action without further notice. (*Id.*).

Since the January 22 minute order, Plaintiff has submitted another Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form) (ECF No. 17) and has resubmitted various motions for a second time (See, e.g., ECF Nos. 16, 18, 19 (requesting leave to proceed *in forma pauperis* and service by the United States Marshals). Plaintiff has also submitted a letter wherein he complains of an "overwhelming" amount of mail from the Court, and again requests that the Court communicate with him via email. (ECF No. 20). In the letter, Plaintiff accuses the court, without elaboration, of "non-compliance with ADA (Americans With Disability Act)[.]" (*Id.* at 1).

The amount of mail Plaintiff has received is in direct proportion to the number of cases he has filed in this Court since October 19, 2023, which currently stands at a total of 17. As for email communication, the Court has instructed Plaintiff, in this case and his others, that if he wishes to receive email notifications, he may register for e-filing by following the steps posted on the court's website under the section "ProSe E-Filer Information." Plaintiff has not done so. In the end, Plaintiff has not cured all filing deficiencies as the Court ordered him to do. Specifically, Plaintiff has failed to submit a pleading on the required Complaint Form (General Complaint). Because Plaintiff has not cured the deficiency as ordered by the Court within the time allowed, this action will be dismissed without prejudice for failure to comply with the Court's order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If a notice of appeal is filed, Plaintiff must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

### WARNING ABOUT POSSIBLE FILING RESTRICTIONS

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). Furthermore, the goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing frivolous and abusive requests. *See In re Sindram*, 498 U.S. 177, 179-80 (1991) (per curiam). Thus, the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati*, 878 F.2d at 352; *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D.

Colo. 1989).

Plaintiff has now filed 17 cases in this Court in approximately 4 months. In each case, the Court has identified deficiencies with Plaintiff's filings and instructed Plaintiff how to cure the deficiencies. Despite the Court's instructions, Plaintiff has failed to cure the filing deficiencies. Although the cases that have been dismissed to this point have been dismissed without prejudice, Plaintiff has demonstrated either an unwillingness or an inability to comply with the Court's orders and D.C.COLO.LCivR 5.1(c), which requires unrepresented parties to use the forms posted on the court's website. The Court understands that Plaintiff proceeds as a *pro se* litigant, but that does not excuse Plaintiff's non-compliance with the Court's orders or the District of Colorado's Local Rules. Plaintiff's filing of numerous cases, with submissions that are deficient, forces the Court to expend limited resources in processing, reviewing, and deciding the matters. The Court will not tolerate a litigant's abuse of limited judicial resources and Plaintiff is warned that the Court can and will impose filing restrictions if he persists in using the Court's limited resources in this manner.

Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It

is

FURTHER ORDERED that all pending motions are DENIED AS MOOT.

DATED at Denver, Colorado, this  22nd  day of    February   , 2024.

                                             BY THE COURT:

                                             s/Lewis T. Babcock
                                             LEWIS T. BABCOCK, Senior Judge
                                             United States District Court